# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| FRANKENMUTH MUTUAL INSURANCE COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:22-cv-00211 |
| | ) |
| LANCE E. BLAIR, Individually and d/b/a | ) |
| LEGACY CONSTRUCTION, | ) |
| | ) |
| Defendant. | ) |

## ANSWER TO COMPLAINT

Comes the Defendant, Lance E. Blair, Individually and d/b/a Legacy Construction, by and through counsel and responds to the Complaint filed in this matter as follows:

1. Defendant has insufficient information to either admit or deny the allegations contained in Paragraph 1 of the Complaint and therefore demand strict proof thereof.

2. Defendant admits the allegations contained in Paragraph 2 of the Complaint.

3. In response to Paragraph 3 of the Complaint, Defendant incorporates by reference all responses and defenses contained in the preceding paragraphs.

4. In response to Paragraph 4 of the Complaint, Defendant asserts that this Court should decline to exercise jurisdiction over this matter under the

Declaratory Judgment Act. Defendant further denies the allegations related to the allegations supporting the findings of jurisdiction.

5. In response to Paragraph 5 of the Complaint, Defendant asserts that this Court should decline to exercise jurisdiction over this matter under the Declaratory Judgment Act. However, if the Court elects to exercise jurisdiction, Defendant admits that venue is proper.

6. In response to Paragraph 6 of the Complaint, Defendant incorporates by reference all responses and defenses contained in the preceding paragraphs.

7. In response to Paragraph 7 of the Complaint, Defendant states that the Second Amended Complaint in the underlying action speaks for itself. However, Defendant would further state that the plaintiffs, Erie Insurance Company, Claire Rouser, and Carol Rouser filed a Third Amended Complaint in the underlying lawsuit on October 24, 2022, and therefore, the Third Amended Complaint would be the applicable underlying complaint.

8. In response to Paragraph 8 of the Complaint, Defendant states that the Second Amended Complaint in the underlying action speaks for itself. However, Defendant would further state that the plaintiffs, Erie Insurance Company, Claire Rouser, and Carol Rouser filed a Third Amended Complaint in the underlying lawsuit on October 24, 2022, and therefore, the Third Amended Complaint would be the applicable underlying complaint.

9. In response to Paragraph 9 of the Complaint, Defendant states that the Second Amended Complaint in the underlying action speaks for itself.

However, Defendant would further state that the plaintiffs, Erie Insurance Company, Claire Rouser, and Carol Rouser filed a Third Amended Complaint in the underlying lawsuit on October 24, 2022, and therefore, the Third Amended Complaint would be the applicable underlying complaint.

10. In response to Paragraph 10 of the Complaint, Defendant states that the Second Amended Complaint in the underlying action speaks for itself. However, Defendant would further state that the plaintiffs, Erie Insurance Company, Claire Rouser, and Carol Rouser filed a Third Amended Complaint in the underlying lawsuit on October 24, 2022, and therefore, the Third Amended Complaint would be the applicable underlying complaint.

11. In response to Paragraph 11 of the Complaint, Defendant states that the Second Amended Complaint in the underlying action speaks for itself. However, Defendant would further state that the plaintiffs, Erie Insurance Company, Claire Rouser, and Carol Rouser filed a Third Amended Complaint in the underlying lawsuit on October 24, 2022, and therefore, the Third Amended Complaint would be the applicable underlying complaint.

12. In response to Paragraph 12 of the Complaint, Defendant states that the Second Amended Complaint in the underlying action speaks for itself. However, Defendant would further state that the plaintiffs, Erie Insurance Company, Claire Rouser, and Carol Rouser filed a Third Amended Complaint in the underlying lawsuit on October 24, 2022, and therefore, the Third Amended Complaint would be the applicable underlying complaint.

13. In response to Paragraph 13 of the Complaint, Defendant states that the Second Amended Complaint in the underlying action speaks for itself. However, Defendant would further state that the plaintiffs, Erie Insurance Company, Claire Rouser, and Carol Rouser filed a Third Amended Complaint in the underlying lawsuit on October 24, 2022, and therefore, the Third Amended Complaint would be the applicable underlying complaint.

14. In response to Paragraph 14 of the Complaint, Defendant states that the Second Amended Complaint in the underlying action speaks for itself. However, Defendant would further state that the plaintiffs, Erie Insurance Company, Claire Rouser, and Carol Rouser filed a Third Amended Complaint in the underlying lawsuit on October 24, 2022, and therefore, the Third Amended Complaint would be the applicable underlying complaint.

15. In response to Paragraph 15 of the Complaint, Defendant states that the Second Amended Complaint in the underlying action speaks for itself. However, Defendant would further state that the plaintiffs, Erie Insurance Company, Claire Rouser, and Carol Rouser filed a Third Amended Complaint in the underlying lawsuit on October 24, 2022, and therefore, the Third Amended Complaint would be the applicable underlying complaint.

16. In response to Paragraph 16 of the Complaint, Defendant states that the Second Amended Complaint in the underlying action speaks for itself. However, Defendant would further state that the plaintiffs, Erie Insurance Company, Claire Rouser, and Carol Rouser filed a Third Amended

Complaint in the underlying lawsuit on October 24, 2022, and therefore, the Third Amended Complaint would be the applicable underlying complaint.

17. In response to Paragraph 17 of the Complaint, Defendant states that the Second Amended Complaint in the underlying action speaks for itself. However, Defendant would further state that the plaintiffs, Erie Insurance Company, Claire Rouser, and Carol Rouser filed a Third Amended Complaint in the underlying lawsuit on October 24, 2022, and therefore, the Third Amended Complaint would be the applicable underlying complaint.

18. In response to Paragraph 18 of the Complaint, Defendant states that the Second Amended Complaint in the underlying action speaks for itself. However, Defendant would further state that the plaintiffs, Erie Insurance Company, Claire Rouser, and Carol Rouser filed a Third Amended Complaint in the underlying lawsuit on October 24, 2022, and therefore, the Third Amended Complaint would be the applicable underlying complaint.

19. In response to Paragraph 19 of the Complaint, Defendant states that the Second Amended Complaint in the underlying action speaks for itself. However, Defendant would further state that the plaintiffs, Erie Insurance Company, Claire Rouser, and Carol Rouser filed a Third Amended Complaint in the underlying lawsuit on October 24, 2022, and therefore, the Third Amended Complaint would be the applicable underlying complaint. The Third Amended Complaint asserts additional causes of action against this Defendant.

20. In response to Paragraph 20 of the Complaint, Defendant admits that Frankenmuth issued a policy of insurance to Defendant with a policy period of 01/01/2019 through 01/01/2020.

21. In response to Paragraph 21 of the Complaint, Defendant avers that the purpose of the Policy is described by its terms, conditions and exclusions contained in said Policy and therefore, said Policy speaks for itself. Defendant denies any allegations that are inconsistent with the plain language of the Policy and Plaintiff's claims related to the legal significance of the plain language of the Policy.

22. Upon information and belief, Defendant admits the allegations contained in Paragraph 22 of the Complaint.

23. In response to Paragraph 23 of the Complaint, Defendant asserts that this Court should decline to exercise jurisdiction over this matter under the Declaratory Judgment Act. Defendant denies that there is a justiciable controversy. Defendant denies Plaintiff's allegations that it does not have a duty to defend and indemnify Defendant in the underlying lawsuit.

24. In response to Paragraph 24 of the Complaint, Defendant incorporates by reference all responses and defenses contained in the preceding paragraphs.

25. Defendant denies the allegations contained in Paragraph 25 of the Complaint. Defendant denies any allegations that are inconsistent with the plain language of the Policy and Plaintiff's claims related to the legal significance of the plain language of the Policy. For further response,

Defendant states that the plaintiffs, Erie Insurance Company, Claire Rouser, and Carol Rouser filed a Third Amended Complaint in the underlying lawsuit on October 24, 2022, and therefore, the Third Amended Complaint would be the applicable underlying complaint. The Third Amended Complaint asserts additional causes of action against this Defendant.

26. In response to Paragraph 26 of the Complaint, Defendant avers that the Policy is described by its terms, conditions and exclusions contained in said Policy and therefore, said Policy speaks for itself. Defendant denies any allegations that are inconsistent with the plain language of the Policy and Plaintiff's claims related to the legal significance of the plain language of the Policy.

27. In response to Paragraph 27 of the Complaint, Defendant avers that the Policy is described by its terms, conditions and exclusions contained in said Policy and therefore, said Policy speaks for itself. Defendant denies any allegations that are inconsistent with the plain language of the Policy and Plaintiff's claims related to the legal significance of the plain language of the Policy.

28. Defendant denies the allegations contained in Paragraph 28 of the Complaint. Defendant further denies any allegations that are inconsistent with the plain language of the Policy and Plaintiff's claims related to the legal significance of the plain language of the Policy.

29. Defendant denies the allegations contained in Paragraph 29 of the Complaint. Defendant further denies any allegations that are inconsistent with the plain language of the Policy and Plaintiff's claims related to the legal significance of the plain language of the Policy. For further response, Defendant states that the plaintiffs, Erie Insurance Company, Claire Rouser, and Carol Rouser filed a Third Amended Complaint in the underlying lawsuit on October 24, 2022, and therefore, the Third Amended Complaint would be the applicable underlying complaint.

30. In response to Paragraph 30 of the Complaint, Defendant avers that the Policy is described by its terms, conditions and exclusions contained in said Policy and therefore, said Policy speaks for itself. Defendant denies the claims and damages sought in the underlying complaint are excluded from coverage. Defendant further denies any allegations that are inconsistent with the plain language of the Policy and Plaintiff's claims related to the legal significance of the plain language of the Policy. For further response, Defendant states that the plaintiffs, Erie Insurance Company, Claire Rouser, and Carol Rouser filed a Third Amended Complaint in the underlying lawsuit on October 24, 2022, and therefore, the Third Amended Complaint would be the applicable underlying complaint.

30. (sic). In response to second-numbered Paragraph 30 of the Complaint, Defendant avers that the Policy is described by its terms, conditions and exclusions contained in said Policy and therefore, said Policy speaks for itself. Defendant denies any allegations that are inconsistent with the

plain language of the Policy and Plaintiff's claims related to the legal significance of the plain language of the Policy.

31. Defendant denies the allegations contained in Paragraph 31 of the Complaint. Defendant further denies any allegations that are inconsistent with the plain language of the Policy and Plaintiff's claims related to the legal significance of the plain language of the Policy. For further response, Defendant states that the plaintiffs, Erie Insurance Company, Claire Rouser, and Carol Rouser filed a Third Amended Complaint in the underlying lawsuit on October 24, 2022, and therefore, the Third Amended Complaint would be the applicable underlying complaint.

32. Defendant denies the allegations contained in Paragraph 32 of the Complaint. Defendant further denies any allegations that are inconsistent with the plain language of the Policy and Plaintiff's claims related to the legal significance of the plain language of the Policy. For further response, Defendant states that the plaintiffs, Erie Insurance Company, Claire Rouser, and Carol Rouser filed a Third Amended Complaint in the underlying lawsuit on October 24, 2022, and therefore, the Third Amended Complaint would be the applicable underlying complaint.

33. Defendant denies the allegations contained in Paragraph 33 of the Complaint. Defendant further denies any allegations that are inconsistent with the plain language of the Policy and Plaintiff's claims related to the legal significance of the plain language of the Policy. For further response, Defendant states that the plaintiffs, Erie Insurance Company, Claire

Rouser, and Carol Rouser filed a Third Amended Complaint in the underlying lawsuit on October 24, 2022, and therefore, the Third Amended Complaint would be the applicable underlying complaint.

34. Defendant denies the allegations and basis for requested relief contained in Paragraph 34 of the Complaint. For further response, Defendant states that the plaintiffs, Erie Insurance Company, Claire Rouser, and Carol Rouser filed a Third Amended Complaint in the underlying lawsuit on October 24, 2022, and therefore, the Third Amended Complaint would be the applicable underlying complaint.

35. All allegations contained in the Complaint not hereinabove admitted, denied and/or explained are here and now denied generally as if set forth specifically and denied.

36. Defendant reserves the right, upon motion and leave of Court, to amend this Answer as the facts and circumstances of this cause are more fully discovered through the formal discovery process.

37. Defendant denies Plaintiff is entitled to any of its requested relief.

38. Plaintiff's Complaint should be dismissed for failure to state a claim upon which relief can be granted.

39. Plaintiff is not entitled to any relief under the doctrine of unclean hands.

40. Plaintiff is estopped from denying coverage under the governing policy.

41. Plaintiff's declaratory judgment claim fails to present a justiciable controversy between the parties.

42. Assuming there is a justiciable controversy, this Court should decline to exercise its discretionary jurisdiction over this action.

WHEREFORE, having fully answered the Complaint, Defendant demands the same be dismissed against him at Plaintiff's cost and further demands such other and general relief to which he may be entitled.

Respectfully submitted this 17th day of November, 2022.

                        **s/Ellis A. Sharp**
                        Ellis A. Sharp (BPR #5070)

STOKES, WILLIAMS, SHARP, COPE & MANN, P.C.
P.O. Box 2644
Knoxville, TN 37901
865/544-3833

    Attorneys for Defendant, Lance Blair,
    Individually and d/b/a Legacy Construction

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and exact copy of the foregoing was served upon all counsel of record by delivering said copy of same by hand or by placing same in the United States mail with sufficient postage for delivery thereon to

                Parks Chastain, Esq.
                Hannah Leifel, Esq.
      Brewer, Krause, Brooks & Chastain, PLLC
        545 Mainstream Drive, Suite 101
           Nashville, TN 37228-1209

This 17th day of November, 2022.

                **STOKES, WILLIAMS, SHARP, COPE & MANN, P.C.**

                        **s/Ellis A. Sharp**
                        ELLIS A. SHARP